■     BUFFALO SEWER AUTHORITY, Appellant, v. TOWN OF CHEEKTOWAGA et al., Respondents.— Judgment unanimously modified in accordance with memorandum and as so modified, affirmed, without costs. Memorandum: This matter was remitted to Special Term by the Court of Appeals for the determination of the fairness and reasonableness of a proposal to be submitted by plaintiff or the City of Buffalo for the sharing by defendant town of the expense and conduct of a sewage disposal system in the city which carries off storm water sewage from a portion of Drainage District No. 1 of the town (*Buffalo Sewer Auth.* v. *Town of Cheektowaga*, 20 N Y 2d 47). Following the city's submission of a proposal which was challenged by the town, testimony was taken at Trial Term and the court subsequently determined that a fair and reasonable apportionment of the expense of construction of the sewer facilities in question would require payment by the town to the city of an amount which represented "incremental cost" of the jointly used facilities under consideration; it also determined that the town at its sole expense should construct a

connecting sewer line in Hastings Avenue for its exclusive use. As authorized by the Court of Appeals, the Trial Judge further directed that the town should be enjoined from continuing its sewer connection with plaintiff's sewer if it did not comply with the order within four months from entry of the order. We conclude that these directives with regard to construction costs are neither unfair nor unreasonable and that they should be affirmed. The situation is otherwise, however, with regard to the further provision of the order of Trial Term that exonerates the town from all liability for maintenance, repair or operating costs of the jointly used facilities and of the Hastings Avenue connection. As to the Hastings Avenue connection, this is for the sole and exclusive use of the Town to enable it to tie in to the city's line. In this circumstance the expenses of maintenance and operation of this segment of the system should be borne by the town, not by the city. With regard to the jointly used facilities, the city does not seek to charge to the town any costs for routine maintenance or operation, but does request — properly, we think — that the court retain jurisdiction for the purpose of allocating costs of maintenance and operation which may result from future changes in county, State and Federal standards or requirements for treatment of sewage. The judgment should be modified to incorporate such directives with regard to maintenance and operation costs of the Hastings Avenue connection and of the jointly used facilities. Insofar as it provides for payment to the city of a portion of the construction cost of the jointly used facilities, the judgment should also be modified to substitute for the figure $237,827 the sum of $239,827, thus correcting an obvious typographical error. (Appeal from judgment of Erie Trial Term in action to enjoin use of facilities of Sewer Authority.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ.